# UNITED STATES DISTRICT COURT
for the
### Western District of Kentucky
### Louisville Division

| | |
|---|---|
| Jack Goffin<br>　　*Plaintiff*<br><br>v.<br><br>Trans Union, LLC<br>　　*Defendant*<br>Serve:<br>　　The Prentice Hall Corp. System<br>　　421 West Main Street<br>　　Frankfort, KY 40601 | Case No.  3-16-cv-255-DJH |

## COMPLAINT and DEMAND FOR JURY TRIAL

### Introduction

1.　This is a complaint for damages for Defendant Trans Union, LLC's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), which was enacted to ensure fairness, accuracy and privacy of the personal information contained in the files of the credit reporting agencies. In particular, Trans Union breached it duty of maximum possible accuracy by failing to update consumer credit reports it furnished to users of its reports to reflect that a judgment against Mr. Goffin had been vacated. As a result of Trans Union's breach of its statutory duty, Mr. Goffin has been denied credit and has lost the opportunity to lower his insurance premiums.

### Jurisdiction and Venue

2.　Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Bullitt County, Ky., which is located within this District.

### Parties

3.　Plaintiff Jack Goffin is a natural person who resides in Jefferson County, Ky. Mr. Goffin is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

4.　Defendant Trans Union, LLC is a foreign limited liability company, with its principal place of business located at 555 West Adams, Chicago, IL 60661. Trans Union has registered to do business with Kentucky Secretary of State. Trans Union is a "consumer reporting agency" within the meaning of the FCRA.

### Statement of Facts

5. In order to right his financial ship for as smooth a retirement as possible, Mr. Goffin filed a Chapter 7 Bankruptcy petition on September 18, 2015 in the Western District of Kentucky Bankruptcy Court.

6. One of the debts he listed in Schedule F of his bankruptcy petition was a debt to Capital One Bank (USA), N.A. that had been reduced to judgment in Case No. 11-CI-005923 (Jefferson Circuit Court, entered Nov. 17, 2011).

7. The Bankruptcy Court entered a discharge in his case on December 15, 2015.

8. On January 4, 2016, Mr. Goffin moved the Jefferson Circuit Court to vacate the judgment against him on grounds that the underlying debt was discharged in his bankruptcy case.

9. Mr. Goffin's stated reason for moving to vacate the judgment against him was that allowing the judgment against him to stay in place hindered his ability to make a fresh start after his bankruptcy case because the judgment would continue to appear in the public-record section of his credit reports.

10. As explained on the Credit Karma website, which is run by Trans Union, LLC:

> Adverse public records included on your credit report can have severe negative effects your credit score. Generally, only time can lessen the impact of a public record on your credit report. Most public records can remain on your credit report for seven years. However, certain types of public records may remain for longer periods. For example, bankruptcies may remain on your report for ten years, and an unpaid tax lien could remain on your credit indefinitely.

https://www.creditkarma.com/article/public-records-on-credit-report (visited May 1, 2016).

11. And "[i]t's estimated that each judgment and collection account entry can reduce a FICO score from 15 to 40 points. The severest detrimental effects come from entries that involve public records, such as judgments, and information from an original creditor, such as tradeline information." Dana Neal, http://www.bestcredit.com/credit-ratings-advanced-strategies-for-fico-scoring (visited July 3, 2015).

12. Finally, as confirmed by the Fair Isaac Corporation ("FICO"), which is responsible for the vast majority of credit scoring in this country, "adverse public records, which include [judgments] are considered by the FICO score. Your score can be affected by the mere presence of an adverse public record, whether paid or not." http://www.myfico.com/crediteducation/questions/public-records.aspx (visited July 3, 2015).

13. The Jefferson Circuit Court granted Mr. Goffin's motion to vacate the Capital One

judgment on January 12, 2016.

14. In an effort to improve his credit and credit score, Mr. Goffin recently applied for a Chase Bank, N.A. credit card.

15. Chase denied Mr. Goffin credit based in part on adverse public records.

16. Mr. Goffin also tried to reduce his insurance costs by applying for insurance with different insurance agencies.

17. Mr. Goffin's insurance applications were all denied.

18. In an attempt to determine why he was denied credit and why his insurance applications were denied, Mr. Goffin reviewed his consumer credit reports including a review of his Trans Union consumer credit report on April 26, 2016.

19. Mr. Goffin's April 26th Trans Union credit report revealed that Trans Union failed to update the public record information on his credit report to exclude the vacated Capital One judgment. His Trans Union consumer credit report showed in pertinent part:

> **JEFFERSON CIRCUIT COURT** Docket# 11CI05923
> 600 W. JEFFERSON
> LOUISVILLE, KY 40202
> (502) 595-4883
>
> | | | | | | |
> |---|---|---|---|---|---|
> | Date Filed: | 10/21/2011 | Type: | CIVIL JUDGMENT IN BANKRUPTCY | Amount: | $21,312 |
> | Date Paid: | 09/18/2015 | Responsibility: | Individual Debt | Court Type: | Recorder of Deeds |
> | Date Updated: | 01/06/2012 | Plaintiff: | CAPITAL ONE BANK | | |
>
> Estimated month and year that this item will be removed: 09/2018

20. The above information is false and inaccurate because the Capital One judgment had been vacated over three months before.

21. Mr. Goffin's Trans Union consumer credit report also revealed that Chase had recently inquired for his credit report as well as several insurance carriers for purpose of insurance underwriting.

22. Upon information and belief, Trans Union has a deliberate and intentional pattern, practice, and policy of not updating any judgments after noting that the judgments had been included in a consumer's bankruptcy case, where the consumer received a discharge of her unsecured debts in her bankruptcy case.

23. The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

24. Mr. Goffin was denied credit and the opportunity to significantly reduce the amount of his insurance premiums as a direct result of Trans Union's failure to "assure maximum possible accuracy of the information" in the public-record section of Mr. Goffin's consumer credit report

that it furnished to users of its reports.

25.     Trans Union failed to maintain reasonable procedures designed to avoid violations of the FCRA in connection with falsely and inaccurately including the vacated Capital One judgment in the public-record section of Mr. Goffin's consumer credit reports it furnished to users of its reports.

## Claims

### Class Claims for Violations of the Fair Credit Reporting Act

26.     Plaintiff Jack Goffin states each of the allegations in the preceding paragraphs as if fully set forth herein.

27.     Trans Union, LLC violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it furnished to users concerning Mr. Goffin and the Capital One judgment.

28.     Trans Union's conduct, actions and inactions were willful, rendering Trans Union liable to Mr. Goffin under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with reasonable attorney's fees and costs. Trans Union was on clear and plain notice that the failure to update public records with respect to judgments was problematic for Trans Union. Other lawsuits raising the same issue have been filed against Trans Union in this and other jurisdictions for the same failure. *See e.g. Soutter v. Trans Union, LLC*, Case No. 3:10-cv-515 (E.D.Va.)

29.     In the alternative, Trans Union's conduct, actions and inactions were negligent rendering Trans Union liable to Mr. Goffin under 15 U.S.C. § 1681o for his actual damages, along with reasonable attorney's fees and costs.

### Prayer for Relief

**WHEREFORE**, Plaintiff Jack Goffin requests that the Court grant him the following relief:

1.      Award the maximum amount of statutory damages under 15 U.S.C. §1681n;

2.      Award Plaintiff Attorney's fees, litigation expenses and costs;

3.      Award Plaintiff actual damages under 15 U.S.C. §1692n or, in the alternative, under 15 U.S.C. § 1681o;

4       Award Plaintiff punitive damages under 15 U.S.C. § 1681n;

5.      A trial by jury; and

6. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite #4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com